JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Natasha Fletcher

## DEFENDANTS

Lyft, Inc., Flexdrive Services, LLC and Shawn Cannady

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Francisco, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc Greenfield, Esq., Spear Greenfield Richman Weitz & Taggart - 1500 JFK Blvd., Suite 200, Phila., PA 19102 (215) 985-2424

Attorneys *(If Known)*
Jeffrey Quinn, Esq. and Allison Perry, Esq. - Lyft, Inc.
Laurianne Falcone, Esq. - Flexdrive and Cannady

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Personal injury action arising out of motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
4/9/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Allison Perry

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                          Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                  Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    *Allison Perry* _____    _____
                                *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                                *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Natasha Fletcher | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Lyft, Inc., Flexdrive Services, LLC and Shawn Cannady | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (×)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

| | | |
|---|---|---|
| 4/9/2021 | Allison L. Perry | Lyft, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 925-2289 | (888) 811-7144 | aperry@dmclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)          The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)          In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)          The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)          Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)          Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATASHA FLETCHER | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC., FLEXDRIVE SERVICES, | : | |
| LLC AND SHAWN CANNADY | : | |

**<u>NOTICE OF REMOVAL</u>**

TO:   THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Lyft, Inc. ("Lyft") by and through its attorneys, Dickie, McCamey & Chilcote,

P.C., hereby files this Notice of Removal of the above-captioned matter from the Court of Common

Pleas of Philadelphia County, the jurisdiction which is now pending, to the United States District

Court for the Eastern District of Pennsylvania, and in support thereof avers as follows:

1.     This action was commenced with the filing of a Complaint in the Court of Common

Pleas of Philadelphia County, Pennsylvania at March Term, 2021, Number 0072.  A copy of

Plaintiff's Complaint is attached as Exhibit A.

2.     Lyft was served with the Complaint on March 10, 2021.

3.     Plaintiff Natasha Fletcher ("Plaintiff") is asserting a claim for personal injury and

damages arising out of a motor vehicle accident that occurred on May 2, 2019 in the City and

County of Philadelphia. <u>Id</u>. at ¶ 5.

4.     At the time this action was commenced and continuing to the present, Lyft is a

Delaware corporation with its principal place of business at 185 Berry Street, Suite 5000, San

Francisco, California 94107.

5.     Upon information and belief, at the time this action was commenced and continuing to the present, Defendant Flexdrive Services, LLC ("Flexdrive") is a Delaware corporation with its principal place of business at 309 E. Paces Ferry Road, Unit 400, Atlanta, Georgia 30305.

6.     Defendant Shawn Cannady ("Defendant Cannady") is alleged to be an adult individual and resident of the State of New York, with an address of 1564 Unionport Road, Bronx, New York 10462. Id. at ¶ 4.

7.     Upon information and belief, at the time this action was commenced and continuing to the present, Plaintiff is an adult individual residing at 1944 69th Avenue, Philadelphia, Pennsylvania 19138, who is a citizen and domiciliary of Pennsylvania. Id. at ¶ 1.

8.     The Complaint alleges that, as a result of the subject accident, Plaintiff sustained, inter alia, "various serious and permanent physical injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lkumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to Plaintiff's great loss and detriment." Id. at ¶ 11.

9.     Plaintiff alleges that some or all of her injuries are permanent and that she has and will continue to suffer great pain, anguish, sickness and agony. Id. at ¶ 12.

10.    Plaintiff claims that she has suffered emotional injuries. Id. at ¶ 13.

11.    Plaintiff claims that she has sustained and may sustain in the future a loss of earnings and/or earning capacity. Id. at ¶ 14.

12.     Finally, Plaintiff alleges that she has incurred and is in the future likely to incur medical and other related expenses in excess of the personal injury protection benefits provided. Id. at ¶ 15.

13.     Plaintiff claims that her damages are in excess of $50,000. See Id., generally.

14.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), Lyft asserts the amount in controversy exceeds $75,000 because of the injuries and damages alleged in Plaintiff's Complaint.

15.     Defendants Flexdrive and Cannady, by and through their counsel, consent to the removal of this action.

16.     The present lawsuit is removable from the state court to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a).

17.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the judicial district, namely that the subject motor vehicle accident occurred in the City and County of Philadelphia.

18.     Copies of all process, pleadings and orders that have been received by Lyft are filed herewith and attached collectively hereto as Exhibit A.

19.     This Notice is timely, being filed within thirty (30) days of service of the Complaint on Lyft.

WHEREFORE, Defendant, Lyft, Inc. respectfully requests the above-captioned matter now pending against it in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date:   4/9/21

*s/ Allison Perry*

Jeffrey H. Quinn, Esquire (PA ID No.:  46484)
jquinn@dmclaw.com
Allison L. Perry, Esquire (PA ID No.: 306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NATASHA FLETCHER            :
                            :       CIVIL ACTION NO.
                    VS.     :
                            :
LYFT, INC., FLEXDRIVE SERVICES,  :
LLC AND SHAWN CANNADY       :

## **AFFIDAVIT**

Allison L. Perry, Esquire, being sworn according to law deposes and says that she is the counsel for Defendant, Lyft, Inc. in the within matter; and that she has read the foregoing Notice of Removal and believes it to be true and correct, to the best of her knowledge, information and belief.

Respectfully submitted,

Date:   4/9/21                    s/ Allison Perry

_____

Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATASHA FLETCHER | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC., FLEXDRIVE SERVICES, | : | |
| LLC AND SHAWN CANNADY | : | |

## <u>PROOF OF FILING</u>

I, Allison L. Perry, Esquire, hereby certifies that a copy of the foregoing Notice for

Removal has been filed via electronic filing with the Prothonotary of the Court of Common Pleas

of Philadelphia County on April 9, 2021.

Respectfully submitted,

Date:   4/9/21                          *s/ Allison Perry*

Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATASHA FLETCHER | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC., FLEXDRIVE SERVICES, | : | |
| LLC AND SHAWN CANNADY | : | |

## **CERTIFICATE OF SERVICE**

I, Allison L. Perry, Esquire, hereby certify that a copy of the attached has been served

upon the following individual by first class, United States mail, postage pre-paid this 9th day of

April, 2021.

Marc F. Greenfield, Esq.
*Spear, Greenfield, Richman, Weitz & Taggart, PC*
1500 JFK Blvd., Suite 200
Philadelphia, PA 19102

Laurianne Falcone, Esq.
*Marshall, Dennehey, Warner, Coleman & Goggin*
2000 Market Street, 23rd floor
Philadelphia, PA 19103

Respectfully submitted,

Date:       4/9/21                *s/ Allison Perry*

_____
Allison L. Perry, Esquire (PA ID No.:  306568)
aperry@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone:  215-925-2289
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATASHA FLETCHER | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | |
| | : | |
| LYFT, INC., FLEXDRIVE SERVICES, | : | |
| LLC AND SHAWN CANNADY | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, upon consideration of the

Petition of Defendant, Lyft, Inc., and any response thereto, it is hereby ORDERED and

DECREED that Defendant's Petition is granted and the action of <u>Natasha Fletcher v. Lyft, Inc.,</u>

<u>Flexdrive Services, LLC and Shawn Cannady</u>, March Term, 2021, No. 0072, is removed from

the Court of Common Pleas of Philadelphia County, Pennsylvania and is transferred to the

United States District Court for the Eastern District of Pennsylvania.


BY THE COURT:


_____

UNITED STATES DISTRICT JUDGE

DICKIE, McCAMEY & CHILCOTE, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA 19103
(215) 925-2289
By: Jeffrey H. Quinn, Esquire
Identification No. 46484
By: Allison L. Perry, Esquire
Identification No. 306568
Attorneys for Defendant, Lyft, Inc.

_____

| NATASHA FLETCHER | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| VS. | : |  |
|  | : | MARCH TERM, 2021 |
| LYFT, INC., FLEXDRIVE SERVICES, | : | NO. 10072 |
| LLC AND SHAWN CANNADY | : |  |

_____

## <u>NOTICE OF REMOVAL</u>

TO:    PROTHONOTARY OF THE COURT OF COMMON PLEAS OF PHILADELPHIA
COUNTY

Pursuant to 28 U.S.C.A. §1446(e), Lyft, Inc. files herewith a copy of the Notice of

Removal, which was filed in the United States District Court for the Eastern District of

Pennsylvania on April 9, 2021

Respectfully submitted,

Date:      4/9/21          *Allison Perry*

_____
JEFFREY H. QUINN, ESQUIRE
ALLISON L. PERRY, ESQUIRE
Attorneys for Defendant, Lyft, Inc.

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|

**MARCH 2021**

E-Filing Number: 2103001249

**000072**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NATASHA FLETCHER | LYFT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1944 69TH AVENUE<br>PHILADELPHIA PA 19138 | 600 NORTH 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SHAWN CANNADY | FLEX DRIVE SERVICES, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1564 UNIONPORT ROAD<br>BRONX NY 10462 | 600 NORTH 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration   ☐ Mass Tort   ☐ Commerce   ☐ Settlement<br>☒ Jury   ☐ Savings Action   ☐ Minor Court Appeal   ☐ Minors<br>☐ Non-Jury   ☐ Petition   ☐ Statutory Appeals   ☐ W/D/Survival<br>☐ Other: |

| CASE TYPE AND CODE |
|---|
| 2V – MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>MAR **01** 2021<br><br>**A. SILIGRINI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES   NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: NATASHA FLETCHER , SHAWN CANNADY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC F. GREENFIELD | TWO PENN CENTER PLAZA<br>1500 JFK BOULEVARD<br>SUITE 200<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)985-2424 | (215)545-6117 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 62081 | efile@injuryline.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARC GREENFIELD* | Monday, March 01, 2021, 12:53 pm |

FINAL COPY (Approved by the Prothonotary Clerk)
"A"

**SPEAR, GREENFIELD,**
**RICHMAN, WEITZ & TAGGART, P.C.**
BY:     MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

*Filed and Attested by the*
*Office of Judicial Records*
*01 MAR 2021 12:53 pm*
*A. SILIGRINI*

**MAJOR JURY**

Attorney for plaintiff

_____

**NATASHA FLETCHER**                           :
1944 69th Avenue                                       :
Philadelphia, PA 19138                             :
                        v.                                       :
**LYFT INC.**                                            :
600 North 2nd Street Suite 401                 :
Harrisburg, PA 17101                               :
            &                                                   :
**FLEX DRIVE SERVICES, LLC**             :
600 North 2nd Street Suite 401                 :
Harrisburg, PA 17101                               :
            &                                                   :
**SHAWN CANNADY**                             :
1564 Unionport Road                                :
Bronx, NY 10462                                     :
_____:

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
     One Reading Center
     Philadelphia, Pennsylvania 19107
     (215) 238-6333
     TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE
FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL
     One Reading Center
     Filadelfia, Pennsylvania 19107
     Teléfono: (215) 238-6333
     TTY: (215) 451-6197

Case ID: 210300072

**COMPLAINT IN PERSONAL INJURY**
**2V MOTOR VEHICLE ACCIDENT**

1.      Plaintiff, Natasha Fletcher, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Lyft Inc., is a business entity doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant Shawn Cannady.

3.      Defendant, Flex Drive Services, LLC, is a business entity doing business in the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant Shawn Cannady.

4.      Defendant, Shawn Cannady, is a citizen and resident of the State of New York, residing at the address listed in the caption of this Complaint who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendants, Lyft Inc and Flexdrive Services, LLC, with defendant, Lyft Inc and Flexdrive Services, LLC's, express, apparent and/or implied permission, authorization and/or consent.

5.      On or about May 2, 2019, plaintiff owned and operated a motor vehicle at or near Mascher Street and Clarkson Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

6.      At the same date and time, defendant Shawn Cannady, operated Flexdrive Services, LLC's motor vehicle while acting individually and/or as a lessee, agent, servant,

2

Case ID: 210300072

workman, and/or employee of defendants, Lyft, Inc. and Flexdrive Services, LLC at or near Mascher Street and Clarkson Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

7.      Suddenly and without warning, Shawn Cannady, negligently and/or carelessly operated defendant, Flex Drive Services, LLC's, motor vehicle in such a manner as to strike the plaintiff's vehicle.

8.      As a result of this accident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

**COUNT I**
**Natasha Fletcher v. Lyft, Inc.**
**Personal Injury**

8.      Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

9.      The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.   Failing to have said vehicle under proper and adequate control;

c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

d.   Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

3

Case ID: 210300072

e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of a motor vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Striking the plaintiff's vehicle;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws

Case ID: 210300072

and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.   Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

10.   The negligence and/or carelessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the motor vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.   Failure to inspect defendant driver's prior history of bad driving;

e.   Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.   Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

g.   Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating

5

Case ID: 210300072

the motor vehicle at the aforesaid time and place as herein before described;

h.  Failing to maintain said vehicle in a safe condition; and,

i.  Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

11.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to plaintiff's great loss and detriment.

12.   As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13.   As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

14.   As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

15.   Furthermore, in addition to all the injuries and losses suffered, the plaintiff has

6

Case ID: 210300072

incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT II**
**Natasha Fletcher v. Lyft Inc.**
**Property Damage**

16.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

17.     As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT III**
**Natasha Fletcher v. Flexdrive Services, LLC**
**Personal Injury**

18.     Plaintiff incorporates by reference all the allegations contained in the above

Case ID: 210300072

paragraphs as if the same were set forth below at length.

19.    The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.  Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.  Failing to have said vehicle under proper and adequate control;

c.  Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

d.  Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

e.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of a motor vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said

8

Case ID: 210300072

vehicle;

m.  Striking the plaintiff's vehicle;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

20.  The negligence and/or carelessness of defendant further consisted of the following:

a.  Permitting an incompetent driver to operate the motor vehicle;

b.  Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

9

Case ID: 210300072

c.  Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.  Failure to inspect defendant driver's prior history of bad driving;

e.  Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.  Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

g.  Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the motor vehicle at the aforesaid time and place as herein before described;

h.  Failing to maintain said vehicle in a safe condition; and,

i.  Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

21.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to plaintiff's great loss and detriment.

Case ID: 210300072

22.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

24.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

25.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.


**COUNT IV**
**Natasha Fletcher v. Flexdrive Services, LLC**
**Property Damage**

26.     Plaintiff incorporates herein the allegations set forth in the aforementioned

11

Case ID: 210300072

paragraphs, inclusive, as if set forth here at length.

27.     As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

### COUNT V
### Natasha Fletcher v. Shawn Cannady
### Personal Injury

28.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

29.     The negligence and/or carelessness of defendant consisted of the following:

   a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

   b.   Failing to have said vehicle under proper and adequate control;

   c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

   d.   Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

   e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

12

Case ID: 210300072

g.   Disregarding traffic lanes, patterns and other devices;

h.   Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Striking the plaintiff's vehicle;

n.   Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

13

r.   Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

30.     As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to plaintiff's great loss and detriment

31.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

34.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

14

Case ID: 210300072

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, and for which plaintiff makes a claim for payment in the present action.

    **WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT VI**
**Natasha Fletcher v. Shawn Cannady**
**Property Damage**

    35.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

    36.    As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

    **WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

               **SPEAR, GREENFIELD,**
               **RICHMAN, WEITZ & TAGGART, P.C.**

               **BY:**    **MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
jlg

15

Case ID: 210300072

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

x _____

Case ID: 210300072

**42316.00**
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
By: Laurianne Falcone, Esquire
Identification No.:      85764
2000 Market Street, 23rd Floor
Philadelphia, PA 19103
(215) 575-2715
lafalcone@mdwcg.com

Attorney for Defendants
Flex Drive Services, LLC and
Shawn Cannady

*Filed and Attested by the
Office of Judicial Records
18 MAR 2021 02:44 pm
S. RICE*

_____

| NATASHA FLETCHER | : | COURT OF COMMON PLEAS |
|---|---|---|
| | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | MARCH TERM, 2021 |
| | : | |
| LYFT INC., FLEX DRIVE SERVICES, | : | |
| LLC AND SHAWN CANNADY | : | NO.  072 |

## ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Defendants, Flex Drive Services, LLC and Shawn Cannady, relative to the above matter.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:_____
LAURIANNE FALCONE
Attorney for Defendants
Flex Drive Services, LLC and
Shawn Cannady

*Filed and Attested by the Office of Judicial Records 06 APR 2021 05:16 pm R. SCHREIBER*

**SPEAR, GREENFIELD, RICHMAN,**
**WEITZ & TAGGART, P.C.**
BY: MARC F. GREENFIELD, ESQUIRE
I.D. No.: 62081
Two Penn Center Plaza, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102
 (215) 985-2424                                   ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| NATASHA FLETCHER | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| vs. | : | |
| | : | |
| SHAWN CANNADY, ET AL. | : | NO. 210300072 |
| | : | |

### PRAECIPE TO CHANGE DEFENDANT'S
### ADDRESS ON THE DOCKET

TO THE PROTHONOTARY:


Kindly change the address on the docket for defendant, Shawn Cannady, to the following:

**1758 W. Juniata St., Philadelphia, PA 19140**.



                                   **SPEAR, GREENFIELD, RICHMAN,**
                                   **WEITZ & TAGGART, P.C.**


                                    **/s/ Marc F. Greenfield**
                                   Marc F. Greenfield, Esquire
                                   Attorney for plaintiff

**SPEAR GREENFIELD**
**RICHMAN WEITZ & TAGGART, P.C.**
BY: MARC F. GREENFIELD, ESQUIRE
I.D. #62081
2 PENN CENTER
1500 JOHN F. KENNEDY BLVD, STE 200
PHILADELPHIA, PA 19102
(215) 985-2424



*Filed and Attested by the Office of Judicial Records 06 APR 2021 07:03 pm S. RICE*

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| Natasha Fletcher | : | COURT OF COMMON PLEAS |
| | : | COUNTY OF PHILADELPHIA |
| | : | CIVIL TRIAL DIVISION |
| v. | : | |
| Lyft Inc. et. al. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No.  210300072 |

## PRAECIPE TO REINSTATE COMPLAINT

TO THE PROTHONOTARY:

    Please reinstate the Complaint in the above-captioned matter.


                **SPEAR GREENFIELD**
                **RICHMAN WEITZ & TAGGART, P.C.**


                */s/ Marc F. Greenfield*
                BY:   MARC F. GREENFIELD, ESQUIRE
                *Attorney for Plaintiff*

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **MARCH 2021** |
| E-Filing Number: 2103001249 |
| **000072** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| NATASHA FLETCHER | LYFT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1944 69TH AVENUE<br>PHILADELPHIA PA 19138 | 600 NORTH 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SHAWN CANNADY | FLEX DRIVE SERVICES, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1564 UNIONPORT ROAD<br>BRONX NY 10462 | 600 NORTH 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2V – MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br><br>MAR **01** 2021<br><br>**A. SILIGRINI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>NATASHA FLETCHER , SHAWN CANNADY</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MARC F. GREENFIELD | TWO PENN CENTER PLAZA<br>1500 JFK BOULEVARD<br>SUITE 200<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)985-2424 | (215)545-6117 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 62081 | efile@injuryline.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MARC GREENFIELD* | Monday, March 01, 2021, 12:53 pm |

Case ID: 210300072

FINAL COPY (Approved by the Prothonotary Clerk)

**SPEAR, GREENFIELD,**
**RICHMAN, WEITZ & TAGGART, P.C.**
BY:    MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

*Filed and Attested by the*
*Office of Judicial Records*
*05 ABR 2021 07:03 pm*
*J. BRIGHT*

**MAJOR JURY**

Attorney for plaintiff

**NATASHA FLETCHER**                    :
1944 69th Avenue                            :       COURT OF COMMON PLEAS
Philadelphia, PA 19138                    :       COUNTY OF PHILADELPHIA
                      v.                         :       CIVIL TRIAL DIVISION
**LYFT INC.**                                  :
600 North 2nd Street Suite 401       :
Harrisburg, PA 17101                    :
            &                                   :
**FLEX DRIVE SERVICES, LLC**        :
600 North 2nd Street Suite 401       :
Harrisburg, PA 17101                    :
            &                                   :
**SHAWN CANNADY**                      :
1564 Unionport Road                     :
Bronx, NY 10462                           :
_____ :

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL: |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE | One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-6333 TTY: (215) 451-6197 |
| One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 TTY: (215) 451-6197 | |

**COMPLAINT IN PERSONAL INJURY**
**2V MOTOR VEHICLE ACCIDENT**

1.      Plaintiff, Natasha Fletcher, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Lyft Inc., is a business entity doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant Shawn Cannady.

3.      Defendant, Flex Drive Services, LLC, is a business entity doing business in the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendant Shawn Cannady.

4.      Defendant, Shawn Cannady, is a citizen and resident of the State of New York, residing at the address listed in the caption of this Complaint who at all times material hereto was acting individually and/or as a lessee, agent, servant, workman, and/or employee of defendants, Lyft Inc and Flexdrive Services, LLC, with defendant, Lyft Inc and Flexdrive Services, LLC's, express, apparent and/or implied permission, authorization and/or consent.

5.      On or about May 2, 2019, plaintiff owned and operated a motor vehicle at or near Mascher Street and Clarkson Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

6.      At the same date and time, defendant Shawn Cannady, operated Flexdrive Services, LLC's motor vehicle while acting individually and/or as a lessee, agent, servant,

2

Case ID: 210300072

workman, and/or employee of defendants, Lyft, Inc. and Flexdrive Services, LLC at or near Mascher Street and Clarkson Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

7.      Suddenly and without warning, Shawn Cannady, negligently and/or carelessly operated defendant, Flex Drive Services, LLC's, motor vehicle in such a manner as to strike the plaintiff's vehicle.

8.      As a result of this accident, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

**COUNT I**
**Natasha Fletcher v. Lyft, Inc.**
**Personal Injury**

8.      Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

9.      The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.   Failing to have said vehicle under proper and adequate control;

c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

d.   Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

3

Case ID: 210300072

e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns and other devices;

h.   Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Striking the plaintiff's vehicle;

n.   Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.   Failing to operate a motor vehicle in compliance with the applicable laws

4

Case ID: 210300072

and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.   Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

10.   The negligence and/or carelessness of defendant further consisted of the following:

a.   Permitting an incompetent driver to operate the motor vehicle;

b.   Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

c.   Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.   Failure to inspect defendant driver's prior history of bad driving;

e.   Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.   Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

g.   Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating

Case ID: 210300072

the motor vehicle at the aforesaid time and place as herein before described;

h.   Failing to maintain said vehicle in a safe condition; and,

i.   Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

11.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to plaintiff's great loss and detriment.

12.   As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13.   As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

14.   As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

15.   Furthermore, in addition to all the injuries and losses suffered, the plaintiff has

6

Case ID: 210300072

incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT II**
**Natasha Fletcher v. Lyft Inc.**
**Property Damage**

16.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

17.     As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT III**
**Natasha Fletcher v. Flexdrive Services, LLC**
**Personal Injury**

18.     Plaintiff incorporates by reference all the allegations contained in the above

Case ID: 210300072

paragraphs as if the same were set forth below at length.

19.   The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.   Failing to have said vehicle under proper and adequate control;

c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

d.   Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns and other devices;

h.   Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.   Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said

8

Case ID: 210300072

vehicle;

m. Striking the plaintiff's vehicle;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

20.     The negligence and/or carelessness of defendant further consisted of the following:

a. Permitting an incompetent driver to operate the motor vehicle;

b. Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such driving skills;

Case ID: 210300072

c.   Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

d.   Failure to inspect defendant driver's prior history of bad driving;

e.   Failing to instruct defendant driver in the proper method of operating a motor vehicle;

f.   Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

g.   Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver was operating the motor vehicle at the aforesaid time and place as herein before described;

h.   Failing to maintain said vehicle in a safe condition; and,

i.   Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

21.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to plaintiff's great loss and detriment.

10

Case ID: 210300072

22.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

24.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

25.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

## COUNT IV
### Natasha Fletcher v. Flexdrive Services, LLC
### Property Damage

26.     Plaintiff incorporates herein the allegations set forth in the aforementioned

11

Case ID: 210300072

paragraphs, inclusive, as if set forth here at length.

27.     As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT V**
**Natasha Fletcher v. Shawn Cannady**
**Personal Injury**

28.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

29.     The negligence and/or carelessness of defendant consisted of the following:

   a.   Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

   b.   Failing to have said vehicle under proper and adequate control;

   c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

   d.   Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

   e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

12

Case ID: 210300072

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Striking the plaintiff's vehicle;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

13

Case ID: 210300072

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

30.    As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multilevel cervical tears, multilevel cervical disc herniations, cervical disc bulge, cervical sprain and strain, lumbar disc protrusion, lumbar radiculopathy at L4-5, lumbar sprain and strain, thoracic sprain and strain, and other ills and injuries, all to plaintiff's great loss and detriment

31.    As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32.    As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33.    As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

34.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

14

Case ID: 210300072

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, and for which plaintiff makes a claim for payment in the present action.

    **WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

**COUNT VI**
**Natasha Fletcher v. Shawn Cannady**
**Property Damage**

    35.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

    36.    As a result of defendant's negligence and/or carelessness as aforesaid, plaintiff suffered property damage to plaintiff's vehicle and other related damages.

    **WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

                        **SPEAR, GREENFIELD,**
                        **RICHMAN, WEITZ & TAGGART, P.C.**

                        **BY:    MARC F. GREENFIELD, ESQUIRE**

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
jlg

15

Case ID: 210300072

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

X _____